UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA VANLEER,

    Plaintiff,

v.

                              Case No. 20-10983
                              Honorable Victoria A. Roberts

ALLSTATE INDEMNITY
COMPANY,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT'S CLAIMS REPRESENTATIVE, LORI DAVIS, FROM TESTIFYING ON THE ULTIMATE ISSUE OF WHETHER THE FIRE WAS AN ARSON FIRE INTENTIONALLY SET OR WHETHER THE LEASE WAS A FRAUDULENT LEASE [ECF NO. 51]

**I.   Introduction**

Plaintiff brings this breach of insurance contract case against Allstate following a fire at her Property. Allstate denied coverage based on arson, material misrepresentation, and fraudulent concealment.

Before the Court is Vanleer's Motion in Limine. She seeks to preclude Allstate's claims representative, Lori Davis, from testifying that: (1) the fire was an arson set intentionally, and (2) the lease Vanleer submitted in her claim for fair rental value was fraudulent. The lessee was to be Vanleer's daughter, Alexia Standifer. The lease

1

formed the basis for Vanleer's claim for the lost rental value of her burned Property.

Vanleer says Davis's testimony is inadmissible because: (1) it is irrelevant under FRE 401, (2) it fails the FRE 403 balancing test, and (3) Davis's testimony offers a legal conclusion, in violation of FRE 704.

Allstate says it does not intend to introduce any ultimate issue testimony from Davis. Accordingly, the Court **DENIES** Vanleer's motion.

## II. Analysis

### a. FRE 401 Relevance

Under FRE 401 (a)-(b), evidence is relevant if it has any tendency to make a consequential fact more or less probable than it would be without the evidence.

Allstate intends to offer Davis's testimony to dispute Vanleer's claim that Davis's denial of her insurance claim constituted a breach of contract. [ECF No. 73, PageID.1467].

Davis will testify about the evidence she relied on to deny the claim. [Id]. Her decision was based, in part, on expert investigator Kevin Cornell's report, which concluded that the fire was set intentionally. Davis will not assert that she investigated the scene and concluded

2

that the fire was set intentionally. [ECF No. 73, PageID.1468].

She also based the claim denial on her belief that Standifer's lease on Vanleer's property was fraudulent.

Allstate's insurance policy states that "intentional or criminal acts of, or at the direction of an insured person" are not covered if the loss that occurs may be reasonably expected to result from such acts; or if the loss that occurs is the intended result of the insured person's acts. [ECF No. 73, PageID.1467]. Davis's testimony does not offer a legal conclusion and it makes it more likely that Allstate denied Vanleer's insurance claim because it believed the denial was justified under Vanleer's policy. Why Allstate denied the claim is relevant to its defense to Vanleer's breach of contract claim.

### b. FRE 403 Balancing Test

The probative value of Davis's testimony is not substantially outweighed by the danger of unfair prejudice, misleading the jury, needlessly presenting cumulative evidence, undue delay, or confusing the issues under FRE 403. Vanleer misconstrues the purpose of her testimony, which is to simply inform the jury of the evidence she relied on to deny Vanleer's insurance claim. Davis will not give any legal conclusions regarding arson or fraud.

Her testimony is highly probative on Allstate's defenses. Any minimal prejudice or risk of jury confusion that could result from her testimony does not substantially outweigh its probative value.

### c. FRE 701- Opinion Testimony by a Lay Witness

Under FRE 701, opinion testimony of a lay witness is not inadmissible simply because it embraces an ultimate issue of fact. *United States v. Sheffey*, 57 F.3d 1419, 1424–25 (6th Cir.1995); see FRE 701, 704. FRE 701 provides that a lay witness may testify in the form of opinions or inferences only if those opinions or inferences are "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in [dispute]."

"Testimony offering nothing more than a legal conclusion—i.e., testimony that does little more than tell the jury what result to reach— is properly excludable under the Rules." *Woods v. Lecureux*, 110 F.3d 1215, 1219 (6th Cir.1997).

Davis's testimony does not tell the jury what result to reach. It details the evidence that she relied on to deny Vanleer's claim. It is based on her perception of the lease Vanleer submitted as false and the expert report of Cornell. Her testimony may also help the jury

4

decide whether Allstate breached the contract. Allstate does not intend to offer Davis's testimony as to any ultimate issues. It is not inadmissible under 701.

## III. Conclusion

The Court **DENIES** Vanleer's motion.

**IT IS ORDERED**.

s/ Victoria A. Roberts<br>Victoria A. Roberts<br>United States District Judge

Dated June 8, 2022